```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF VIRGINIA
                   Norfolk Division
```

**HEATHER H.,**[1]

             **Plaintiff,**

**v.**                                         **CIVIL ACTION NO. 2:22cv239**

**KILOLO KIJAKAZI,**
**ACTING COMMISSIONER OF THE**
**SOCIAL SECURITY ADMINISTRATION,**

             **Defendant.**

## FINAL ORDER

This matter comes before the court on Plaintiff's Objections to the Report and Recommendation ("R&R") of the Magistrate Judge, ECF No. 20, and Defendant's Response, ECF No. 21. For the reasons set forth below, the decision of the Acting Commissioner of the Social Security Administration is **AFFIRMED**, Defendant's Motion for Summary Judgment is **GRANTED**, and Plaintiff's Motion for Summary Judgment is **DENIED**.

### I. PROCEDURAL HISTORY

On June 2, 2022, Plaintiff filed a Complaint in this court appealing the Acting Commissioner of the Social Security

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

Administration's decision denying her applications for Social Security Disability Insurance benefits ("DIB") and Supplemental Security Income benefits ("SSI").[2] ECF No. 1 at 2. On August 3, 2022, the court referred the matter to United States Magistrate Judge Lawrence R. Leonard pursuant to 28 U.S.C. § 636(b)(1)(B), thereby designating him to "conduct hearings, including evidentiary hearings, if necessary, and to submit to [the undersigned district judge] proposed findings of fact, if applicable, and recommendations for the disposition of this matter. . . ." ECF No. 11.

In accordance with the Magistrate Judge's August 4, 2022, Order, ECF No. 12, Plaintiff submitted her Motion for Summary Judgment, ECF No. 13, an accompanying Memorandum in Support, ECF No. 14, and a Notice of Waiver of Oral Argument, ECF No. 15, on September 6, 2022. On October 5, 2022, Defendant filed a cross Motion for Summary Judgment, ECF No. 16, and an accompanying Memorandum in Support, ECF No. 17, to which Plaintiff replied on October 26, 2022, ECF No. 18.

Pursuant to the court's Referral Order, see ECF No. 11, the Magistrate Judge filed an R&R recommending that Plaintiff's Motion

---

[2] The court notes, however, that Plaintiff acknowledged that, by amending her alleged disability onset date to October 31, 2019, she would not be eligible to receive disability insurance benefits. See ECF Nos. 14 at 1, 19 at 2 (citing R. at 306). "R." refers to the certified administrative record that was filed under seal on August 2, 2022. ECF No. 10.

2

for Summary Judgment be denied, and that Defendant's Motion for Summary Judgment be granted, thereby upholding the Administrative Law Judge's ("ALJ") ruling denying Plaintiff's claim for DIB and SSI, ECF No. 19 at 1-2, 19. The parties then had fourteen (14) days to file written objections to the R&R. See ECF Nos. 11, 19 at 19-20. On July 24, 2023, Plaintiff filed her Objections, ECF No. 20, to which Defendant responded on August 3, 2023, ECF No. 21.

## II. DISCUSSION

In her appeal to the court, Plaintiff only raises one challenge: that the ALJ failed to properly evaluate the opinion of Scarlett Jett, Psy.D. ("Dr. Jett"). See ECF No. 14 at 9-13. According to Plaintiff, "the ALJ's mental [residual functional capacity ("RFC")] determination [was] unsupported by substantial evidence" because the ALJ did not "explain how the supportability and consistency factors were considered in the determination or the decision," in violation of applicable regulations and case law. Id. at 9-10 (internal citation and quotation marks omitted).

As an initial matter, the court notes that, pursuant to Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Id. (emphasis added). When a party simply "restates the same arguments it raised on summary judgment, de novo review is unnecessary since such

3

restatements do not constitute an 'objection' for the purposes of district court review." John R. v. Kijakazi, No. 2:22cv47, 2023 WL 2682358, at *1 (E.D. Va. Mar. 29, 2023) (Davis, J.) (internal citation and quotation marks omitted). "In situations where no proper objection is made, the district court need only review the [R&R] for clear error." Id. (citing Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005)).

At its core, Plaintiff's Objections are simply restatements of the same arguments raised in her Motion for Summary Judgment, and, as Defendant states, "are nothing more than a fundamental disagreement with the conclusions reached by the ALJ." See ECF No. 21 at 5. Compare ECF No. 14 at 9-13, with ECF No. 20 at 1-3 (arguing that the ALJ failed to explain the consistency and supportability factors in both filings). Therefore, the court only needs to review for clear error, of which this is none. See John R., 2023 WL 2682358, at *1.

However, even on de novo review, the court agrees with the Magistrate Judge's conclusion that "the ALJ sufficiently discussed the factors of supportability and consistency," see ECF No. 19 at 18, thus, rendering Plaintiff's argument that the ALJ failed to properly evaluate Dr. Jett's opinion meritless. Contrary to Plaintiff's assertion, the ALJ's analysis was not perfunctory. See ECF No. 20 at 2. Rather, as the Magistrate Judge explained, when the ALJ concluded that "'Dr. Jett's opinion [was] not consistent

4

with the [Plaintiff's] presentation,'" the ALJ "noted the 'inconsistencies between the [Plaintiff's] statements to Dr. Jett, and functioning noted elsewhere in the record,'" and "cite[d] inconsistencies between what the Plaintiff told Dr. Jett and the medical record." ECF No. 19 at 17 (citing and quoting R. at 23) (providing examples of inconsistencies). Moreover, the ALJ himself stated that he "'considered the functional assessment [Dr. Jett] provided after examining the [Plaintiff] in October 2021,'" "summarized the mental health symptoms Plaintiff reported to Dr. Jett," and discussed the notes, findings, and opinions of Dr. Jett, further demonstrating a proper evaluation by the ALJ of Dr. Jett's opinion. See ECF No. 19 at 16-17 (citing and quoting R. at 22-23).

Importantly, as the Magistrate Judge also explained, "the ALJ need not necessarily use the words 'supportability' or 'consistency,' as long as the ALJ still performs the requisite analysis of these factors." Todd A. v. Kijakazi, No. 3:20cv594, 2021 WL 5348668, at *4 (E.D. Va. Nov. 16, 2021) (Novak, J.). This record, as illustrated by the preceding paragraph, demonstrates that the ALJ did perform the requisite analysis of both the supportability and consistency factors,[3] even though these words

---

[3] "Supportability evaluates whether a medical source supports his or her opinion with 'objective medical evidence and supporting explanations,' while consistency evaluates whether 'evidence from other medical sources and nonmedical sources' also support the source's opinion." Angela U. v. Kijakazi, No. 2:22cv34, 2022 WL 3207455, at *6 (E.D. Va. July 19, 2022) (Miller, J.), report and

5

were not specifically used. See id. at *5-8 (concluding that an ALJ properly considered the supportability and consistency factors).

Moreover, the court finds it necessary to underscore for Plaintiff the proper standard that applies to its review of the Commissioner's final decision. As the Magistrate Judge explained, the court is "limited to determining whether the decision was supported by substantial evidence in the record and whether the correct legal standard was applied in evaluating the evidence." ECF No. 19 at 11 (citing 42 U.S.C. § 505(g); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)). "Substantial evidence requires more than a scintilla but less than a preponderance, and includes the kind of relevant evidence that a reasonable mind could accept as adequate to support a conclusion." Todd A., 2021 WL 5348668, at *1 (citing Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012), Craig v. Chater, 76 F.3d 589 (4th Cir. 1996)). Critically, "[a]n administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." Dunn v. Colvin, 607 F. App'x 264, 274 (4th Cir. 2015) (internal citation and quotation marks omitted). Because the court in this case finds an "accurate and logical bridge" between the evidence

---

recommendation adopted, No. 2:22cv34, 2022 WL 3161896 (E.D. Va. Aug. 8, 2022) (Young, J.) (citing 20 C.F.R. §§ 404.1520c(c)(1)-(2)).

6

and the ALJ's conclusion, which is supported by substantial evidence and where the correct legal standard was applied, the court must affirm the Commissioner's final decision. Oakes v. Kijakazi, 70 F.4th 207, 212 (4th Cir. 2023) (stating the standard for upholding Commissioner final decisions).

### III. CONCLUSION

For the reasons stated above, having reviewed the record in its entirety, the court hereby **OVERRULES** Plaintiff's Objections to the R&R, ECF No. 20, and **ADOPTS AND APPROVES IN FULL** the findings and recommendations set forth in the Magistrate Judge's thorough and well-reasoned R&R, filed on July 10, 2023, ECF No. 19. Accordingly, Plaintiff's Motion for Summary Judgment is **DENIED**, ECF No. 13, and Defendant's Motion for Summary Judgment is **GRANTED**, ECF No. 16. The decision of the Acting Commissioner is **AFFIRMED**, and this matter is **DISMISSED WITH PREJUDICE**.

The Clerk is **DIRECTED** to enter judgment in favor of Defendant and close the case on this court's docket. The Clerk is further **DIRECTED** to send a copy of this Final Order to counsel for all parties.

**IT IS SO ORDERED.**

/s/ Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

August 23, 2023